**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Valerie J. Smith,                              )
                                               )
                    Plaintiff,                 ) Case No. 1:13-CV-663
                                               )
        vs.                                    )
                                               )
Commissioner of Social Security,               )
                                               )
                    Defendant.                 )

O R D E R

This matter is before the Court on Magistrate Judge Litkovitz's Report and Recommendation of October 31, 2014 (Doc. No. 17) and Plaintiff Valerie J. Smith's objections to the Report and Recommendation (Doc. No. 19).  In her Report and Recommendation, Judge Litkovitz concluded that the ALJ's determination that Plaintiff is not disabled under the Social Security regulations was supported by substantial evidence. Judge Litkovitz, therefore, recommended affirming the ALJ's decision and closing this case on the Court's docket.  For the reasons that follow, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the Report and Recommendation.  The decision of the ALJ is **AFFIRMED.**

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ.  See 42 U.S.C. § 405(g).  The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation

omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding social security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

Plaintiff Valerie Smith filed a claim for disability insurance benefits based on major depressive disorder. In her written decision, the ALJ determined that Plaintiff has no physical limitations and that she has the mental residual functional capacity ("RFC") to perform simple, repetitive tasks involving only superficial interaction with the public and coworkers. The ALJ also determined that Plaintiff should have a static or stable work environment without strict production requirements. Tr. 17. With this RFC, the vocational expert testified that Plaintiff would be able to perform such jobs as laundry worker, night cleaner, bakery racker, laundry aide, and vending machine operator. Tr. 21. Because those jobs exist in significant numbers in the national economy, the ALJ determined that Plaintiff is not disabled under the Social Security regulations.

In arriving at Plaintiff's mental RFC, the ALJ gave "great weight" to the opinions of reviewing psychologists Drs. Rudy and Orosz. Both doctors indicated that Plaintiff has only moderate limitations in concentration, persistence, and pace and interacting with the public, co-workers, and supervisors. Tr. 425-426 (Orosz); Tr. 582-83 (Rudy). The ALJ also gave

2

"great weight" to the opinion of Plaintiff's treating psychiatrist, Dr. Harrison.  Tr. 19.  Dr. Harrison filed a report indicating that Plaintiff is only moderately impaired in remembering and carrying out instructions, maintaining concentration, and sustaining persistence and pace.  Tr. 431.  The ALJ gave "limited weight" to the opinion of nurse practitioner Fulton, who indicated that Plaintiff has marked limitations in concentration, persistence, and pace, social functioning, and adapting to work settings, because she is not a doctor and because the objective medical evidence does not support her opinions.  Tr. 19.

In one of her assignments of error, and in her objections to the Report and Recommendation, Plaintiff argues that the ALJ erred by not stating the weight she gave to the opinion of Dr. Ward, who performed a consultative psychological examination of Plaintiff in April 2009.  Dr. Ward concluded that Plaintiff is only slightly impaired in her ability to relate to others, including supervisors and co-workers, and that she is only slightly impaired in her ability to understand, remember, and carry out simple instructions.  Dr. Ward then indicated that Plaintiff is "moderately to markedly" impaired in her abilities to maintain concentration, persistence and pace and to withstand day-to-day work pressures, but that she would likely improve in these areas with extended sobriety.  Tr. 377.  Plaintiff contends that given the divergence between Dr. Ward's opinion and the opinions of Drs. Rudy and Orosz, the ALJ's failure to explain the weight she gave to Dr. Ward's opinion precludes adequate judicial review of the ALJ's decision.  Plaintiff contends that the case should be remanded for the ALJ to explain the weight she assigned to Dr. Ward's opinion.

Judge Litkovitz essentially concluded that the ALJ's failure to state the weight she gave to Dr. Ward's opinion was a harmless error because she did evaluate his opinion and relied on it in assessing Plaintiff's mental functioning.  Under those circumstances, Judge Litkovitz

felt that no useful purpose would be served by remanding the case simply for the ALJ to specifically state the weight she gave Dr. Ward's opinion.

The Court agrees with Judge Litkovitz that the ALJ's failure to specifically state the weight she gave Dr. Ward's opinion was a harmless error. In the Court's view, Dr. Ward's opinion is not significantly different from all of the other medical opinion evidence in the record. Dr. Ward indicated that Plaintiff is moderately to markedly limited in the relevant mental abilities, and that she would likely improve in these areas with extended sobriety. Dr. Ward's opinion indicates a range of functionality that overlaps with the other medical evidence, including the opinion of Dr. Harrison, the treating psychiatrist. In addition to Drs. Ward, Rudy, Orosz, and Harrison, Dr. Eggerman provided report after a consultative examination indicating that Plaintiff is only mildly to moderately limited in all areas of mental functioning. Tr. 297-98. Given that Dr. Ward's opinion is more or less consistent with the medical evidence to which the ALJ assigned "great weight," the Court agrees that it would be fruitless to remand the case to the ALJ to state the weight she gave to his opinion.

Finally, the ALJ did not err in assigning limited weight to Nurse Fulton's opinion. Nurse practitioners are not acceptable medical sources and Fulton's opinion was inconsistent with the opinions of acceptable medical sources. Brown v. Commissioner of Social Sec., ___ Fed. Appx.___, No. 14-1626, 2015 WL 163059, at *2 (6th Cir. Jan. 13, 2015); Irvin v. Social Sec. Admin., 573 Fed. Appx. 498, 501 (6th Cir. 2014). As Judge Litkovitz correctly found, the ALJ had valid reasons for according Fulton's opinion limited weight. Accordingly, this objection is not well-taken and is **OVERRULED.**

Conclusion

In conclusion, Plaintiff's objections to Magistrate Judge Litkovitz's Report and Recommendation are not well-taken and are **OVERRULED.** The Court **ADOPTS** the Report and Recommendation. The decision of the ALJ finding that Plaintiff is not disabled under the Social Security regulations is **AFFIRMED. THIS CASE IS CLOSED.**

**IT IS SO ORDERED**

Date January 26, 2015          s/Sandra S. Beckwith
                                                Sandra S. Beckwith
                                                Senior United States District Judge